UNITED STATES DISTRICT COURT
NONORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                              :
JERMAINE MOORER,                        :      Case No. 1:14-CR-00214
                                                              :      Case No. 1:16-CV-01874
        Petitioner,                                  :
                                                              :
vs.                                                          :      ORDER
                                                              :      [Resolving Doc. Nos. 905, 906, 908, 917[1]]
UNITED STATES OF AMERICA,        :
                                                              :
        Respondent.                                :
                                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 25, 2016, Defendant Jermaine Moorer petitioned for habeas corpus relief under 28 U.S.C. § 2255.[2] He also filed motions for an evidentiary hearing and to appoint counsel in pursuit of his § 2255 claim.[3] On September 26, 2016, Moorer filed a motion to disqualify the tribunal.[4] For the following reasons, the Court **DENIES** Defendants' motions.

### I.     Background

On February 4, 2013, Defendant Moorer was charged with a drug trafficking offense in the Cuyahoga County Court of Common Pleas.[5] On July 25, 2013, the Court of Common Pleas sentenced Moorer to four years' imprisonment.[6]

On June 18, 2014, in a federal case, Defendant Moorer and others were charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1),

---

[1] All citations are to the criminal docket, Case No. 1:16-CV-01874.
[2] Doc. 905. The Government responds. Doc. 927.
[3] Docs. 906, 908.
[4] Doc. 917.
[5] *See Ohio v. Jermain M Moorer*, CR-13-571064-A, Cuyahoga County Court of Common Pleas.
[6] *See id.*; *see also* Doc. 737 at 12.

Case No. 14-CR-00214
Gwin, J.

(b)(1)(B), and 846 (Count 1); and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 11).[7]

Defendant Moorer's state court trafficking offense conduct was included in the overt acts of the federal indictment.[8] The parties agreed that the state and federal charges were for essentially the same conduct.[9]

On November 10, 2014, Moorer pled guilty to Count 1 in his federal case.[10] The Government moved to dismiss Count 11 pursuant to the plea agreement.[11] This Court sentenced Defendant Moorer to 102 months' imprisonment, to be served concurrently with his state sentence and also with credit for time served, followed by five years' supervised release.[12]

On March 4, 2015, Defendant Moorer filed an appeal.[13] Moorer argued (1) the federal prosecution was barred by double jeopardy, (2) that he did not knowingly and voluntarily enter into his plea agreement, and (3) the Court did not properly consider 18 U.S.C. § 3553(a) factors in determining his sentence.[14]

On February 17, 2016, the Sixth Circuit dismissed the appeal based on Moorer's appellate waiver in the plea agreement.[15]

On July 25, 2016, Moorer petitioned this Court for habeas corpus relief under 28 U.S.C. § 2255.[16] He also filed motions for an evidentiary hearing and to appoint counsel in pursuit of his § 2255 claim.[17] On September 26, 2016, Moorer filed a motion to disqualify the tribunal.[18]

---

[7] Doc. 1 at 1, 69.
[8] Doc. 465 at 16.
[9] Doc. 737 at 12.
[10] Doc. 353 at 2.
[11] *Id.* at 3; *see also* Doc. 550 at 1.
[12] Doc. 550 at 2-3.
[13] Doc. 591.
[14] Doc. 16 at 2, *USA v. Jermaine Moorer*, Dkt. 15-3203 (6th Cir. 2015).
[15] Doc. 889.
[16] Doc. 905.
[17] Docs. 906, 908.
[18] Doc. 917. The Government responds. Doc. 927.

Case No. 14-CR-00214
Gwin, J.

In his § 2255 petition, Moorer cites four grounds for relief. He repeats the three arguments he made on direct appeal to the Sixth Circuit Court of Appeals.[19] He also argues that his sentence is not being properly enforced because the Bureau of Prisons ("BOP") has not recognized his time served.[20]

## II.   Legal Standards

### A.  28 U.S.C. § 2255 Relief

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[21]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[22]

### B.  Evidentiary Hearing

The decision to grant a habeas petitioner's request for an evidentiary hearing is left to the sound discretion of the district court.[23] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's

---

[19] Doc. 905 at 6, 10, 14.
[20] *Id*. at 17.
[21] **Error! Main Document Only.**28 U.S.C. § 2255(a).
[22] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[23] *Schriro v. Landigrand*, 550 U.S. 465, 473 (2007).

Case No. 14-CR-00214
Gwin, J.

factual allegations, which, if true, would entitle the applicant to federal habeas relief."[24] A hearing is unnecessary if the movant's allegations are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.[25]

### C. Appointment of Counsel

There is no constitutional right to appointed counsel in habeas proceedings.[26] "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."[27] Appointment of counsel is only justified in "exceptional circumstances,"[28] and is unnecessary where claims are "relatively straightforward" and arise under settled law.[29]

### D. Disqualification of District Judge

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[30] A judge can be disqualified on the basis of prejudice or bias only if this prejudice or bias is personal or extrajudicial.[31] "'Personal [or extrajudicial] bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."[32] In arguing for the recusal of a judge, a movant must also "'point to any specific facts [judge] obtained from presiding over [other cases] which would raise a question about his impartiality.'"[33] The movant must also identify "rulings or actions

---

[24] *Id*. at 474.
[25] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).
[26] *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)).
[27] *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).
[28] *Gilber v. Barnhart*, No. 09-11223, 2009 WL 4018271, at *1 (E.D. Mich. Nov.19, 2009).
[29] *Bookstore v. Addison*, No. 02–6014, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002).
[30] 28 U.S.C. § 455(a).
[31] *See United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).
[32] *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).
[33] *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *Hartsel*, 199 F.3d at 820).

-4-

Case No. 14-CR-00214
Gwin, J.

during the [proceeding] that indicate partiality or the use of 'personal knowledge of disputed evidentiary facts' on the part of the district judge."[34]

### III. Discussion

#### A. 28 U.S.C. § 2255

*Grounds 1-3*

Defendant Moorer's first three §2255 arguments fail. Under the law of the case doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."[35] The doctrine "requires lower courts to adhere to the commands of a superior court."[36]

On appeal, Moorer argued (1) the federal prosecution was barred by double jeopardy, (2) that he did not knowingly and voluntarily enter into his plea agreement, and (3) the Court did not properly consider 18 U.S.C. § 3553(a) factors in determining his sentence.[37] The Sixth Circuit found that Moorer knowingly and voluntarily waived his appellate rights in his plea agreement and was therefore barred from bringing these claims.[38]

Moorer brings the same arguments in his § 2255 petition.[39] Because "it is well-settled that a § 2255 motion may not be employed to re-litigate an issue that was raised and considered on appeal absent highly exceptional circumstances,"[40] Moorer's arguments are not viable here.

---

[34] *Id.*
[35] *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell,* 988 F.2d 247, 250 (1st Cir. 1993)).
[36] *Id.* (citing *Bell*, 988 F.2d at 251).
[37] Doc. 16 at 2, *USA v. Jermaine Moorer*, Dkt. 15-3203 (6th Cir. 2015).
[38] Doc. 889.
[39] *Compare* Doc. 16 at 2, *USA v. Jermaine Moorer*, Dkt. 15-3203 (6th Cir. 2015) *with* Doc. 905 at 6, 10, 14.
[40] *Parks v. United States*, No. 1:08-CR-58, 2013 WL 427256, at *7 (E.D. Tenn. Feb. 4, 2013) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996); *United States v. Jones*, 918 F.2d 9, 10 (2nd Cir. 1990); *United States v. Grimes*, 573 F.Supp. 1202, 1206 (S.D. Ohio 1983)).

Case No. 14-CR-00214
Gwin, J.

Even if the Court reached the merits of Defendant Moorer's claim, he would not succeed. Under the dual sovereignty doctrine, "the double jeopardy clause does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense."[41] Moorer argues that the "sham-prosecution" exception, "which bars manipulation of the state system by federal officials to achieve the equivalent of a second federal prosecution," applies here.[42]

Moorer's argument fails. He argues that the state's case against him threatened to unravel the federal government's larger drug conspiracy investigation.[43] Thus, Moorer posits, the federal government contacted the state prosecutor to encourage quick resolution of the state case so as not to derail the federal investigation.[44] But "cooperation between federal and state authorities cannot, by itself, constitute a sham prosecution."[45]

Furthermore, "the key . . . is whether the separate sovereigns have made independent decisions to prosecute."[46] Moorer does not argue that the federal government orchestrated his arrest in the state case. Rather, he argues that the federal government contacted state prosecutors only *after* the state arrested him, conducted a search, and charged him.[47] It defies reason to think that "the state court was merely a tool of the federal government."[48]

*Ground 4*

Defendant Moorer's last argument, regarding receiving credit for time served, also fails. Although this Court ordered that Moorer be given credit for time served,[49] calculating credit for

---

[41] *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991).
[42] *United States v. Deitz*, 577 F.3d 672, 686 (6th Cir. 2009) (citing *Bartkus v. Illinois*, 359 U.S. 121, 123–24 (1959); *United States v. Aboumoussallem*, 726 F.2d 906 (2d Cir.1984)).
[43] Doc. 905 at 6-7.
[44] *Id*.
[45] *United States v. Clark*, 254 F. App'x 528, 533 (6th Cir. 2007) (citing *United States v. Angleton*, 314 F.3d 767, 774 (5th Cir. 2002)).
[46] *Id*.
[47] Doc. 905 at 6-7.
[48] *Id*. at 7.
[49] Doc. 550 at 2-3.

Case No. 14-CR-00214
Gwin, J.

time served is the responsibility of the Attorney General, through the Bureau of Prisons.[50] Therefore, this Court is not authorized to compute the credit.[51]

    Defendant Moorer's § 2255 petition is **DENIED.**

### B. Evidentiary Hearing

The Court does not believe that Defendant Moorer is entitled to an evidentiary hearing. Because "the record refutes [Defendant Moorer's] factual allegations [and] precludes habeas relief,"[52] the Court declines to grant Moorer's request for a hearing.

### C. Appointment of Counsel

As there is no constitutional right to appointed counsel in habeas proceedings[53] and Defendant Moorer's claims "arise [and fall] under settled law," [54] the Court declines to appoint counsel.

### D. Disqualification of a District Judge

In his motion to recuse the assigned Judge in this case, Defendant Moorer argues that because the Judge assigned to the § 2255 petition also imposed the underlying sentence, there is a conflict of interest and the case should be reassigned.[55]

A judge can be disqualified only if his alleged bias or prejudice "emanates from some source other than participation in the proceedings."[56] Defendant Moorer cites only to the Judge's role in this case as basis for his disqualification. Accordingly, his motion is denied.

---

[50] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").
[51] Defendant Moorer may present his request to the Bureau of Prisons.
[52] *Schriro*, 550 U.S. at 747.
[53] *Cobas*, 306 F.3d at 444 (citing *McCleskey*, 499 U.S. at 495).
[54] *Bookstore*, 2002 WL 31538688 at *2.
[55] Doc. 917.
[56] *Youn*, 324 F.3d at 423.

-7-

Case No. 14-CR-00214
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **DENIES** Defendant Moorer's §2255 petition and motions for an evidentiary hearing, to appoint counsel, and to disqualify the Court. This Court also certifies that Moorer could not, in good faith, take an appeal from this order.

IT IS SO ORDERED.


Dated: November 4, 2016            *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE