UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JERMAINE MOORER, : Case No. 1:14-CR-00214
 : Case No. 1:16-CV-01874
        Petitioner, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. No. 937[1]]
UNITED STATES OF AMERICA, :
 :
        Respondent. :
 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On July 25, 2016, Defendant Jermaine Moorer petitioned for habeas corpus relief under 28 U.S.C. § 2255.[2] He argued (1) his federal prosecution was barred by double jeopardy, (2) that he did not knowingly and voluntarily enter into his plea agreement, (3) the Court did not properly consider 18 U.S.C. § 3553(a) factors at sentencing, and (4) that the Bureau of Prisons ("BOP") has not recognized his time served..[3]

      On September 26, 2016, Moorer filed a motion to disqualify the tribunal.[4]

      On November 4, 20016, the Court denied both motions.[5] The Court also found that Moorer could not take a good-faith appeal from the order.[6]

      Moorer now asks the Court to reconsider and issue a certificate of appealability ("COA") on his four § 2255 arguments and the motion to disqualify the tribunal.[7]

      "A COA may be issued 'only if the applicant has made a substantial showing of the

---

[1] All citations are to the criminal docket, Case No. 1:16-CV-01874.
[2] Doc. 905.
[3] *Id*. at 6, 10, 14, 17.
[4] Doc. 917. The Government responds. Doc. 927.
[5] Doc. 931.
[6] *Id*. at 8.
[7] Doc. 937.

Case No. 14-CR-00214
Gwin, J.

denial of a constitutional right.'"[8] The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[9]

The Court issues a COA as to the double jeopardy argument only. The Court maintains that Moorer's argument fails because (1) the case doctrine precludes relitigation of the issue, and (2) Moorer was tried by separate sovereigns.[10] Reasonable jurists could, however, find that the state and federal prosecutions were sufficiently intertwined to create double jeopardy concerns.[11] Thus, a COA is issued as to Moorer's double jeopardy claim.

Moorer's other four arguments, however, should not proceed further. First, Moorer knowingly and voluntarily enter into his plea agreement. In fact, reasonable jurists have already agreed on that point—the Sixth Circuit found that Moorer's plea "was both knowing and voluntary" on direct appeal.[12]

Second, the Court properly considered 18 U.S.C. § 3553(a) factors in determining Moorer's sentence. Moorer appears to agree.[13]

Third, Moorer's argument for recusal is implausible. Having imposed Moorer's sentence does not require the Judge to recuse himself from considering Moorer's § 2255 petition.[14]

---

[8] *Hurick v. Woods*, No. 16-1554, 2016 WL 7093988, at *2 (6th Cir. Dec. 5, 2016) (quoting 28 U.S.C. § 2253(c)(2)).
[9] *Id*. (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)).
[10] Doc. 931 at 5-6. Because Moorer's double jeopardy argument failed on direct appeal, the case doctrine barred relitigating the issue in his § 2255 petition. *Id*. at 5. Moorer's argument also fails on the merits—the federal and state governments independently prosecuted Moorer. *Id*. at 6.
[11] While "cooperation between federal and state authorities cannot, by itself, constitute a sham prosecution," *United States v. Clark*, 254 F. App'x 528, 533 (6th Cir. 2007) (citing *United States v. Angleton*, 314 F.3d 767, 774 (5th Cir. 2002)), perhaps the appellate court will find that federal prosecutors interfered too extensively in Moorer's state prosecution.
[12] Doc. 889 at 2.
[13] Doc. 937 at 7.
[14] *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

Case No. 14-CR-00214
Gwin, J.

Last, calculating credit for time served is the responsibility of the Attorney General, through the Bureau of Prisons.[15]

For the above reasons, the Court **GRANTS** in part and **DENIES** in part Moorer's motion.

IT IS SO ORDERED.

Dated: January 4, 2017                              *s/         James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[15] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").