UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

:
UNITED STATES OF AMERICA, :
: Case No. 1:14-cr-214
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1054]
JERMAINE MOORER, :
:
Defendant. :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Jermaine Moorer again petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2255.[1] Because Moorer did not obtain the required circuit approval to file a second habeas petition, the Court **TRANSFERS** the case to the Sixth Circuit.[2]

In November 2014, Defendant Moorer pled guilty to conspiracy to possess with intent to distribute cocaine.[3] The Court sentenced Moorer to 102 months in prison—served concurrently with a related state sentence—and five years of supervised release.[4] It also ordered that Moorer be given credit for time served.[5]

In July 2016, Moorer petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2255.[6] He argued that: (i) his prosecution violated the double jeopardy clause, (ii) his plea agreement was not knowing and voluntary, (iii) the Court erred in considering the sentencing factors, and (iv) the Bureau of Prisons ("BOP") did not give him credit for time served.[7] The

---

[1] Doc. 1054. Defendant supplements. Doc. 1056. The Government opposes. Doc. 1059.
[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that, when a petitioner files a habeas petition in the district court without circuit approval, the district court should transfer the petition to the Sixth Circuit).
[3] Doc. 353 at 2.
[4] Doc. 550 at 2–3.
[5] *Id.*
[6] Doc. 905.
[7] *Id.*

Court denied that petition in November 2016.[8]

Moorer returns, again seeking relief from his sentence.[9] He resurrects his previous argument that the BOP still has not given him credit for time served. He also now claims that his trial counsel was constitutionally ineffective during sentencing.

However, because this is Moorer's second habeas petition, he needs Sixth Circuit approval to proceed—which he does not have.[10]

Accordingly, the Court **TRANSFERS** the case to the Sixth Circuit.

IT IS SO ORDERED.

Dated: March 8, 2019          *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[8] Doc. 931.
[9] Doc. 1054.
[10] 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(a).