UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-cr-214 |
| Plaintiff, | ORDER<br>[Resolving Doc. 1127] |
| vs. |  |
| JERMAINE MOORER, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jermaine Moorer moves for compassionate release under 18 U.S.C. § 3582(c).[1] Moorer asks the Court to reduce his sentence to time served due to the high incidence of COVID-19 at his correctional institution and due to his pre-existing medical conditions.[2] He says that his pre-existing medical conditions give him a heightened risk of severe illness if he contracts the virus.[3] The Government opposes.[4] Moorer replies.[5]

For the reasons stated below, the Court **GRANTS** Moorer's motion.

I. Background

On June 8, 2014, a grand jury indicted Moorer with thirty co-defendants for his part in a large-scale Cleveland area drug distribution scheme.[6] Consistent with a plea agreement, on November 10, 2014, Moorer pled guilty to Count 1 of the indictment. Count 1 charged Moorer with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C.

---

[1] Doc. 1127.
[2] *Id.*
[3] *Id.*
[4] Doc. 1136.
[5] Doc. 1137.
[6] Doc. 1.

Case No. 1:14-cr-214
Gwin, J.

§§ 841(a)(1), 841 (b)(1)(A), and 846.[7]

On February 25, 2015, this Court sentenced Moorer to 102 months' imprisonment. Moorer received credit from July 7, 2014, when Moorer was first incarcerated.[8] The Court also required five years of supervised release with both standard and special conditions.[9]

## II. Discussion

Moorer, now an inmate of FCI Danbury in Connecticut, moves for compassionate release.[10] Though he is only 42 years old, Moorer argues that his health conditions—type 2 diabetes, obesity, and anemia—make him vulnerable to negative impacts of COVID-19.[11] The conditions in FCI Danbury, Moorer claims, make it more likely that he will contract the virus. More than 10% of Danbury inmates have already contracted COVID-19.[12]

Moorer has served approximately three quarters of his 102-month sentence and is scheduled to be released on May 18, 2022.[13] He has maintained a clean conduct record while incarcerated, earning a job as a prison dorm orderly.[14] Moorer has also taken plumbing courses while incarcerated, that Moorer believes will allow him to obtain gainful employment after release.[15] If released, Moorer says he will live in his own home and will care for his elderly mother and disabled stepbrother.[16] The Government opposes Moorer's

---

[7] Doc. 352.
[8] Doc. 550.
[9] *Id.*
[10] Doc. 1127.
[11] *Id.*
[12] *Id.*; Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Sept. 18, 2020).
[13] Doc. 1127-2.
[14] *Id.*
[15] *Id.*; Doc. 1127-6.
[16] Doc. 1127-6.

Case No. 1:14-cr-214
Gwin, J.

release.[17]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon the defendant's motion made 30 days after the defendant requests compassionate release from his facility's warden.[18] Moorer requested compassionate release from FCI Danbury's warden on April 12 and May 14, 2020.[19] No responses from the warden are included in the record.

The government argues that Moorer has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582 because Moorer has not shown that the warden denied his requests for compassionate release or that Moorer appealed any such denials. But the text of the statute and controlling precedent defeat this argument.

In relevant part, 18 U.S.C. § 3582(c)(1)(A) provides that an inmate may take their compassionate release request to federal court after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Thirty days after the inmate requests compassionate release from his facility's warden, he may seek relief in federal court, whether or not the warden has responded or the inmate has appealed any negative response.[20]

Moorer filed his first request for compassionate release on April 12, 2020. He filed his supplemental motion for compassionate release in this Court sixty days later on June 11,

---

[17] Doc. 1136.
[18] 18 U.S.C. § 3582(c)(1)(A).
[19] Doc. 1127-5.
[20] *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

-3-

Case No. 1:14-cr-214
Gwin, J.

2020. Because more than 30 days passed between the time Moorer asked FCI Danbury's warden for compassionate release and the filing of Moorer's supplemental motion in this Court, Moorer has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

### B. Eligibility

To grant a compassionate release sentence reduction, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[21] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[22]

Moorer's circumstances present "extraordinary and compelling" reasons that warrant compassionate release. Moorer's medical records reflect that he has a history of obesity, type 2 diabetes, and anemia.[23] All three conditions make him particularly susceptible to complications if he contracts COVID-19.[24] Though there are only two active cases of COVID-19 at FCI Danbury on September 21, 2020, there have been more than 140 cases among the facility's inmates and staff since the pandemic began.[25] One FCI Danbury inmate has died of COVID-19.[26] Moorer is at high risk of severe illness if he remains incarcerated.

Granting compassionate release also accords with the 18 U.S.C. § 3553 sentencing factors. Moorer has served most of his sentence, and he has no pre-sentence violent criminal

---

[21] 18 U.S.C. § 3582(a)(1)(A).
[22] *Id.*
[23] Doc. 1127-1.
[24] *People with Certain Medical Conditions*, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (recognizing people with obesity, anemia, and diabetes are at "an increased risk of severe illness from COVID-19.").
[25] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Sept. 21, 2020).
[26] *Id.*

Case No. 1:14-cr-214
Gwin, J.

history.  Though Moorer has an earlier recidivism history, this sentence ran significantly longer than any earlier Moorer sentence. During this sentence, Moorer maintained good conduct, become a prison dorm orderly, and participated in drug treatment and vocational programs.  Moorer's sentence conduct suggests less recidivism risk.  The 74-month prison term Moorer served and the five years of supervised release he will serve after his release sufficiently reflect the seriousness of his offense, provide just punishment for it, and promote respect of the law.[27]

### III. Conclusion

For these reasons, the Court **GRANTS** Moorer's compassionate release motion.  The Court orders Moorer serve the balance of his sentence on home confinement under the same conditions as Moorer's supervised release.  The Court gives work release and directs the supervising probation officer seek to accommodate home release needed to enable Moorer's care for his mother and stepbrother.  Moorer's term of supervised release remains at five years, and he is otherwise subject to the terms of the most recent judgment.[28]

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Moorer is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: September 24, 2020            *s/    James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[27] 18 U.S.C. § 3553.

-5-